**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DIONISIO PÉREZ, ET AL., <br><br> Plaintiffs <br><br> v. <br><br> PLAN. ADALINE TORRES SANTIAGO, ET AL., <br><br> Defendants. | Civ. No. 04-1219(PG) |

**OPINION AND ORDER**

Plaintiffs Dionisio Pérez ("Perez"); Melitza Pagan Oyola and the conjugal partnership among them (collectively "plaintiffs"), filed the above styled and captioned complaint against the Metropolitan Bus Authority ("MBA"); Adaline Torres Santiago ("Torres"), MBA's President and General Manager; Fernando Freses("Freses"), MBA's Executive Vice-President; and Eng. Wilson Avilés[1] (collectively "defendants"). Plaintiffs bring this civil action pursuant to 42 U.S.C. §1983 alleging violation of Perez's rights as secured by the First Amendment of the U.S. Constitution. They also invoke the Court's supplemental jurisdiction under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142, and Law 100 of June 30, 1959, as amended, P.R. Laws Ann. tit. 29, § 146 et seq.

Defendants filed two motions for summary judgment (Docket Nos. 31 & 37) which were referred to Chief Magistrate Judge Justo Arenas. (Docket Nos. 64 & 65.) Before the Court is the Magistrate Judge's Report and Recommendation ("R&R"). (Docket No. 68.) For the following reasons, the Court adopts his recommendations and dismisses the complaint.

**BACKGROUND**

Perez is a well-known New Progressive Party ("NPP") affiliate, who belonged to former Governor Pedro Roselló's advanced guard, has served as an electoral functionary, and as a presidential delegate in the NPP reorganization. Perez has participated and continues to participate in NPP partisan political activities. Prior to this lawsuit, he held the career

---

[1] On August 6, 2004, the complaint was dismissed as to defendant Aviles. (Docket Nos. 17 & 18.)

Civ. No. 04-1219 (PG)                                                    Page 2

position of Assistant to the Operations Area Director at the MBA and was in charge of supervising the general and light mechanics as well as the maintenance shops within the MBA. The defendants are known members of the Popular Democratic Party ("PDP").

It is alleged that because of Perez' political association, defendants conspired to remove him from his position as Assistant to the Operations Area Director to have him work as an exit booth operator. Furthermore, that defendants effectively created a trust position known as "Workshop Director", a position that had never existed at the MBA, and that a well-known PDP affiliate was appointed to that newly created position.  The gist of plaintiffs' claim is that the duties of the "Workshop Director" are the same duties formerly held by plaintiff as Assistant to the Operations Area Director.  Plaintiffs insist that defendants removed plaintiff from his duties and assigned those duties to the PDP affiliate in the newly created position of "Workshop Director". Once removed, plaintiff was transferred from the workshops where he worked to the exit booth without any job description or any meaningful duties assigned. Lastly, plaintiffs contend that Perez's salary was $2,459 a month whereas the newly appointed PDP affiliate received a monthly salary of $3,403 for performing the exact duties Perez previously performed.

## **DISCUSSION**

Defendants MBA, Torres, and Freses, in their official capacity, filed a motion for summary judgment on February 24, 2005. (Docket No. 31.) Defendants Torres and Freses, in both their individual and official capacities, filed a motion for summary judgment on March 9, 2005. (Docket No. 37.)  Together with their motions, defendants separately filed supporting statements of uncontroverted facts in compliance with Local Rule 56(b). See Local Rules of the United States District Court for the District of Puerto Rico (2004). (Docket Nos. 32 & 36.)  Plaintiffs filed a motion, corresponding memorandum, and statement of material facts in opposition to the defendants' March 9, 2005 motion for summary judgment at Docket No. 37. (See Docket Nos. 55, 56, 57.) The Magistrate Judge determined that plaintiffs had failed to respond to defendants' February 24, 2005 motion for summary judgment at Docket No. 31, therefore, he took defendants' February 24, 2005 statement of uncontested

Civ. No. 04-1219 (PG)                                                        Page 3

facts as true[2]. (See Docket No. 32.)

The Magistrate Judge reviewed the record and made findings of fact accordingly. (See R&R, Docket No. 68 at 2-5 & 7-8.)  He concluded that based on the evidence proffered plaintiffs had failed to state a claim of political discrimination.  Hence, he recommends that the federal cause of action be dismissed.  Because the remaining state claims are substantially similar to the federal claims, he also recommends that the court not retain jurisdiction over plaintiffs' supplemental law claims. Plaintiffs filed objections to the R&R.  (Docket No. 70.) Defendants informed that they would not file objections or an opposition to plaintiffs' objections because the R&R is very detailed and convincing in its findings of fact and conclusions of law, and because all of the arguments raised by both parties have been discussed *in extenso* throughout different motions. (Docket No. 72.)(See also Docket Nos. 31, 32, 36, 37, 38, & 61.

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003)(quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Felix Rivera de Leon v. Maxon Engineering Services, Inc., 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections,"

---

[2] See Vargas-Ruiz v. Golden Arch Dev., Inc., 283 F.Supp.2d 450, 458 (D.P.R. 2003) ("[A] party opposing a motion for summary judgment is ... required to file as an annex to the opposition motion: a separate, short, and concise statement of the material facts ...." (internal quotations omitted). A party's failure to match the moving party's papers "does not automatically relieve the court of its statutory task of determining whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ...." Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 930 (1st Cir. 1983).

Civ. No. 04-1219 (PG)                                                    Page 4

'the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

The Magistrate Judge made detailed factual and legal findings regarding each argument raised. He considered all of the evidence proffered and concluded that plaintiffs had failed to establish a prima-facie case of political discrimination. Furthermore, he concluded that defendants had proffered evidence to support their non-discriminatory reason for moving plaintiff from one position to another.

Plaintiffs filed a sixteen page motion stating their objections to the Magistrate Judge's R&R. They take issue with the Magistrate Judge's determination that they did not oppose defendants' first motion for summary judgment and with his assessment of the evidence proffered to prove discriminatory animus and the Mt. Healthy defense. A careful reading of the objections raised reveals, however, that plaintiffs are literally rehashing the same arguments that they raised in their motion and memorandum in opposition to defendants' motions for summary judgement. The Court meticulously reviewed each objection only to find a word-for-word repetition of the arguments contained in plaintiffs' previous filings. (See Docket Nos. 56 & 70.)

> "[I]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel consistent with the [Federal Rules of Procedure], can in good conscience complain to the district judge that and objection to a particular finding or recommendation is 'well grounded in fact and is warranted by existing law or . . . reversal of existing law. . .'.".

Sackall v. Heckler, 104 F.R.D. 401, 403 (1st Cir. 1984).

Therefore, upon a *de novo* review of the exhaustive and itemized R&R, as well as the objections thereto, the Court finds no reason to depart from the Magistrate Judge's sound findings and conclusions. Accordingly, the Court **ADOPTS** the R&R **(Docket No. 68), GRANTS** defendants' motions **(Docket Nos. 31 & 37),** and dismisses the federal cause of action with prejudice. The

Civ. No. 04-1219 (PG)                                                   Page 5

supplemental law claims are dismissed without prejudice[3]. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998)("the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation[4]").

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 30, 2006.

                                              S/JUAN M. PEREZ-GIMENEZ
                                              U. S. DISTRICT JUDGE

---

[3] Plaintiffs mistakenly object to the Magistrate Judge' recommendation to dismiss the supplemental law claims arguing that they should not be dismissed with prejudice when the Magistrate Judge never recommended that they did. Rather, he recommends that the Court not exercise jurisdiction over those claims.

[4] In the alternative, plaintiffs move to stay the case pending the outcome of the FBI, Puerto Rico Legislature and Department of Justice's investigations regarding allegations of public corruption withing the MBA during co-defendants Torres and Freses' incumbency. Plaintiffs aver that the information to be gathered in these investigations is vital to their case because it questions defendants credibility and discriminatory animus. Plaintiffs do not proffer any legal basis or documentary evidence in support of their request to stay. They only speculatively state that they "think" the investigation "might" help their case. The Court will not stay a case based solely on plaintiffs' unsupported conjectures.